139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Zebedee LOVE, Defendant-Appellant.
 No. 94-1725.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 92 CR 125 James B. Zagel, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Zebedee Love pleaded guilty to possession with the intent to distribute approximately two kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). In accordance with the agreement, he was sentenced to 96 months of incarceration. Love filed a timely notice of appeal,[1] but his attorney has filed a motion to withdraw and a supporting brief because, in his opinion, an appeal would be frivolous. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Love responded by filing a motion to appoint new counsel to argue the merits of the issues raised in his current attorney's Anders brief. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 After his arrest, Love entered into a plea agreement in which he agreed to plead guilty to one count of a four-count indictment and "to provide complete and truthful testimony, if called upon to testify, before any federal grand jury [or] United States District Court proceeding" in exchange for a definite sentence of 72 months' incarceration. (Plea Agreement of June 14, 1997, at 10, p 13.) The district court accepted his guilty plea. However, later the court vacated the plea because Love breached the plea agreement by providing false testimony at the trial of his cocaine supplier.
 
 
 3
 Love then entered into a second plea agreement with the government. In exchange for a definite sentence between 96 and 132 months' incarceration, he again pleaded guilty and agreed to cooperate fully and truthfully with the government and to testify truthfully if called to do so. (Plea Agreement of December 29, 1993.) The district court again accepted Love's guilty plea and sentenced him to 96 months' imprisonment. Love then filed this appeal.
 
 
 4
 Counsel raises three potential issues for appeal and explains why each would be frivolous. First, counsel states that Love could challenge the voluntariness of his second guilty plea. However, as counsel points out, there is no factual basis in the record to support such a claim. The district court engaged Love in a lengthy colloquy that was entirely consistent with the dictates of Federal Rule of Criminal Procedure 11. (Tr. of Dec. 29, 1997, at 3-16.) The court then explicitly found that Love's plea was knowing and voluntary. (Id. at 16.) Having reviewed the change of plea transcript, we agree with counsel that an appeal on this ground would be frivolous.
 
 
 5
 Second, counsel states that Love could challenge his sentence. Again, counsel correctly explains that, because the guilty plea was entered pursuant to a Rule 11(e)(1)(C) and dictated the imposition of a specific term of imprisonment, and because the district court accepted the terms of the Rule 11(e)(1)(c) agreement, we do not have jurisdiction to review Love's sentence. United States v. Barnes, 83 F.3d 934, 941 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996). Therefore, an appeal on this ground would be frivolous.
 
 
 6
 Finally, counsel notes that Love could challenge the district court's decision to vacate his first guilty plea, perhaps on the ground that the district court erroneously found that he had breached the plea agreement. This claim too would be frivolous because his subsequent guilty plea, which appears to be entirely valid, waived any challenge to non-jurisdictional defects that may have occurred prior to the plea. See, e.g., United States v. Adams, 125 F.3d 586, 588 (7th Cir.1997); United States v. Robinson, 20 F.3d 270, 273 (7th Cir.1994).
 
 
 7
 For these reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous. We also DENY Love's motion for the appointment of new counsel as moot.
 
 
 
 [1]
 Judgment was entered against Love on February 8, 1994, although the district court imposed the sentence during the December 29, 1997 change of plea and sentencing hearing. Love placed his notice of appeal in the mail at the Metropolitan Correctional Center on January 10, 1994